*In re* ALLIN, Bankrupt.

(*District Court, D. Vermont.* June 14, 1882.)

1. REDEMPTION—HOLDER OF EQUITY—RIGHTS OF.

   The owner of the equity of redemption of a mortgage has the right to pay it off to save his estate and protect it against subsequent purchasers and encumbrancers, but he has not the right to take the debt from the mortgagee, as a purchaser, without the consent of the mortgagee, so as to hold it as a debt against the mortgagor.

2. SAME—PURCHASER—WHAT ESTATE TAKES.

   So where a bankrupt, after proceedings in bankruptcy, under the laws of the state conveyed his homestead interest to further secure a mortgage debt, and another debt since adjudged fraudulent and void as to his assignees, and the farm was afterwards, under order of the court, sold free of the homestead but subject to the mortgage, the avails of the sale being paid into court to stand in lieu of the homestead interest, the purchaser takes only the equity of redemption, which includes the homestead interest, and he is not entitled to the fund in the registry to apply it to the payment of the debt; his whole estate being the farm, subject to the mortgage debt.

In Bankruptcy.

*W. & H. Haywood,* for petitioner.

*Ladd & Fletcher,* for *contra.*

WHEELER, D. J. The bankrupt had a homestead right to the value of $500, if there should be so much, in a farm subject to a mortgage held by Henry L. Tilton. After the commencement of the proceedings in bankruptcy the bankrupt and his wife, in accordance with the laws of the state, conveyed the homestead interest to Tilton to further secure this mortgage debt and another debt, since then adjudged fraudulent and void as to the assignee representing the other creditors. The farm has been sold, free of the homestead but subject to the mortgage, to Jacob Benton, for $501, under an order of court, by the terms of which the avails of the sale to the amount of the homestead interest were to be paid into court to stand in lieu of the homestead. Benton has filed his petition to have this money, $500, now in the registry and subject to the order of the court, decreed to him, as being entitled thereto by virtue of his purchase. Tilton and the bankrupt have appeared in opposition to the petition. These facts appear from a report of the register, agreed to as a statement, and the cause has been heard thereon. The petitioner's claim of right to the money rests principally upon the supposition that by purchasing the equity of redemption of the farm he became entitled to pay off and take the mortgage, and be subrogated to the rights of the mortgagee as to all securities, and that the whole of the homestead right is to be held for this debt on account of the invalidity of the other.

It is true, generally, that the purchase of a debt draws with the debt the securities for the payment of it, unless a contrary intention and agreement appears; and, if the petitioner stands as a purchaser of this mortgage debt, or with the right to pay it off and take it with all the rights of a purchaser, he does have the right to this homestead security for the debt, in whole, if there is no other debt to which it is applicable, and proportionately, if there is another debt to which it is to apply. He purchased nothing of Tilton or of the bankrupt. He merely purchased the equity of redemption of the mortgaged estate and whatever rights belong to that. The homestead right, what there was of it,—and by the sale to the petitioner it is proved to be to the amount of $500,—was independent of the mortgage, and stands, as to this question, as a separate estate.

The owner of the equity of redemption of a mortgage has the right to pay it off to save his estate in the mortgaged premises, and to stand upon it as valid to protect his estate against subsequent purchasers or encumbrancers; but he does not have the right to take the debt from the mortgagee, as a purchaser, without the consent of the

mortgagee, so as to hold it as a debt against the mortgagor. As to the mortgagee, he has the right merely to pay it off; as to the mortgaged estate, he has the right to stand upon it in aid of his title; as to the mortgagor, he can do nothing with it before he pays it off, for until then he has no right to it in any sense; nor after he has paid it off, for then, as to the mortgagee, it is paid, and also as to the mortgagor.

It probably would not be claimed that after an owner of the equity of redemption of a mortgaged estate had paid off the mortgage he, or any one, could maintain an action upon the debt against the mortgagor. The debt, as to him, would be extinguished. So, here, the petitioner can, by paying off this mortgage debt, have no claim against the bankrupt; and, as there is no debt to follow the paying off, there can be nothing to carry the securities belonging to the debt. The homestead right was never applied in payment of the debt, but has always been left as a mere security for it. If it had been actually applied there would be so much less for the petitioner to redeem; but it has not. As the case stands Tilton may have two securities for the same debt—one against the interest in the farm aside from the homestead in the hands of the petitioner, and the other against the homestead interest in the hands of the bankrupt.

Neither the bankrupt nor the petitioner can acquire any right to the other's interest without consent of the other, unless it be through Tilton. The bankrupt could, apparently, as well reach the petitioner's interest by paying off the mortgage as the petitioner could the bankrupt's. But, in fact, as this matter is now viewed, neither can of right do anything with Tilton but to pay off the debt, nor anything with the debt afterwards but to protect his own estate. The petitioner's estate is the farm, aside from the homestead interest; the bankrupt's estate is the homestead interest, for this purpose; and neither has any rights as against the other outside of his own estate.

By operation of law the homestead estate has been transfered to the money paid by the petitioner for it, and the petitioner has become entitled to the homestead interest in the farm, so that the petitioner has the whole estate in the farm subject to the mortgage, and the bankrupt's estate is in the money; but this makes no difference. As it now is, the petitioner has no right outside the farm as against the bankrupt, nor the bankrupt outside the money as against the petitioner.

The prayer of the petition is denied, and the petition is dismissed.